AMOS KLOCK, APPELLANT, *v.* NOAH W. BEEKMAN, JOHN G. BEEKMAN AND BENJAMIN BEEKMAN, RESPONDENTS.

*Statements of a deceased partner to third persons — admissibility of against the survivor.*

In an action against the surviving member of a firm, to recover money lent to the deceased partner, where the defence is that the money was not borrowed or used for firm purposes, declarations of the deceased partner to third persons, made after the money was borrowed, to the effect that it was borrowed and used for firm purposes, are admissible as against the surviving partner. (LEARNED, P. J., dissenting.)

APPEAL from a judgment of the Montgomery County Court in favor of the defendants, and from an order denying a motion for a new trial, made upon a case and exceptions. The action was brought to recover $100.63 the price of goods sold and delivered by the plaintiff to the defendants. The latter set up as a counter-claim the loan by them of $200 to the firm of Klock & Walrath, composed of the plaintiff and Harlow P. Walrath, who died in April, 1873, the loan having been made in September, 1872. The plaintiff, who had taken all the personal property of the firm and agreed to pay all its debts and liabilities, denied that the money was loaned to or used by the firm, and claimed that it was borrowed by Walrath individually.

Upon the trial two witnesses named Ackerman were allowed, against the plaintiff's objection and exception, to testify to statements made to them by Walrath, after the money was borrowed, showing that it was borrowed and used for the purposes of the firm. The admission of this evidence was the principal question raised by this appeal.

*J. D. & F. F. Wendell,* for the appellant.

*Smith & Nellis,* for the respondents.

BOARDMAN J. :

By the verdict of the jury it is determined that the defendants lent Walrath, a deceased partner of plaintiff, the $200 set up by

way of counter-claim, for the use of the partnership of plaintiff and Walrath. The evidence of such loan consists of the declarations and admissions of the deceased Walrath made to two persons by the name of Ackerman. If this evidence was competent it was sufficient to establish the fact of this loan, and the judgment and order appealed from must stand, unless some error occurred upon the trial or in the charge which should be found fatal.

During the existence of a partnership one partner may bind the firm by his admissions, representations and declarations made in relation to the partnership business in good faith. (Parsons on Part., 184, *et seq.*, and 191, *et seq.*; 1 Greenl. Ev., §§ 112, 174, 177, 180; *Whitaker* v. *Brown*, 16 Wend., 505; *Walden* v. *Sherburne*, 15 Johns., 409; Gow on Part., 37, *et seq.*) This principle, which is believed to be unquestionable, disposes of the objections to the testimony of the Ackermans, the exceptions to the charge and the refusal to direct a verdict. It is not necessary to show the application of the money to the uses of the firm. (*Whitaker* v. *Brown, ante.*)

It was of no consequence whether Klock knew of the borrowing of the money or not. The evidence that he was ignorant of the loan was not competent, and however strongly established would of itself have been no protection against his liability for Walrath's acts. It was not proposed to connect it with other evidence. But a little later Klock testifies that he does not know whether Walrath did or did not borrow the money. So the question was, in fact, answered.

Klock had testified that about the time of the alleged borrowing the firm did not need the money, having a balance of cash on hand. In answer to this, and for the purpose of overcoming the presumption arising therefrom, it was proper to prove that Klock himself, in about a week from that time, wanted to borrow of defendants $150 for the use of Klock & Walrath.

We find no error in the case calling for a new trial.

The judgment and order appealed from are therefore affirmed, with costs.

BOCKES, J., concurs; LEARNED, P. J., dissents.

LEARNED, P. J. (dissenting) :

The defendants claim, by way of counter-claim, that they loaned the firm of Klock & Walrath $200.. Walrath is dead ; and the plaintiff is the survivor of the firm and has taken the property and agreed to pay the debts.

To prove that the defendants loaned their money to the firm, they called one Ackerman, who testified, under objection, that Walrath told him that he got the money from the defendants, and that he wanted it for the firm of Klock & Walrath. The question is whether this evidence is admissible against Klock.

These admissions are no part of the *res gestœ*. Of course, whatever Walrath said to the defendants, when he borrowed the money, would be admissible. Because they would have been justified in relying upon statements made at the time. And, if the transaction were one within what might be presumed to be the scope of the partnership business, the statements of Walrath made to the other party to the transaction would have been evidence against the co-partner.

So, too, when the transaction has been shown to be a partnership affair by competent evidence, then it may be that the admissions of one partner in respect thereto are admissible against his co-partner. But the question here is very different. It is whether the unsworn admissions of one partner now deceased, not a part of the *res gestœ*, are admissible against the other to prove that a certain transaction is not the private business of the one who transacted it, but is partnership business.

Now, it is plain that the unsworn admissions of A. that he is a partner of B. are no evidence of the partnership against B. If, then, an admission of the existence of a partnership is no evidence of the partnership as against another person, how can an admission that a particular transaction is partnership business be evidence against such other person ?

The former is an admission that the two persons are partners in several matters ; the latter is an admission that they are partners in a single matter.

If A. and B. are partners, A. may transact private business. In regard to such private business his admissions are not evidence. against B., so as to make B. chargeable for A's private business by

mere unsworn admissions, which formed no part of the *res gestæ*. The point in dispute is whether the transaction was, or was not, partnership business; not whether, if it be partnership business, the admissions of one partner would then be evidence as against the other.

Unsworn admissions are received on the general ground that they are against the interest of the party making them ; and hence, may be supposed to be true. But an unsworn admission by A. that a certain transaction, conducted by him and imposing a liability upon him, was really done in behalf of A. and B., and that B. is jointly liable with him, is not against A.'s interest, but rather in his favor. In the present case, Walrath alone did the act of borrowing. Klock is made liable because Walrath who is now dead told somebody that he borrowed for Klock and himself. This is the merest hearsay evidence, condemned by every sound principle of law.

Partners are general agents of the firm. (*Chemung Canal Bank* v. *Bradner*, 44 N. Y., 686 ; Coll. Part., sec. 195.) It is as such that their admissions bind other partners. But the admissions of agents are not admissible against their principals, unless they are made at the time when the agent is transacting the business of the principal, and are connected with that business. (*White* v. *Miller*, 71 N. Y.. 118; *Anderson* v. *Rome and O. R. R. Co.*, 54 id., 340.)

The cases cited by the plaintiff do not sustain his position. *Whitaker* v. *Brown* (16 Wend., 505) was a case where the declarations admitted in evidence formed a part of the transaction.

*Walden* v. *Sherburne* (15 Johns., 409) was a case where original entries made in a book of account by the partner who conducted the business were admitted, after the other partner had produced an account current against him.

GREENLEAF says : " The act or declaration of each member *in furtherance* of the *common object* is the act of all." (1 Greenl. Evid., § 112.) And again : " If the parties have a joint interest, an admission made by one is in general evidence against all." (Section 174.) But the question in the present case is whether Klock & Walrath had a joint interest in the transaction in question.

I think this question has been decided adversely to the plaintiff

by the Court of Appeals in *Williams* v. *Manning* (41 How., 454), although the facts are not quite clear. An action was brought against the representative of a deceased partner for services alleged to have been rendered to the firm. On the trial letters of the surviving partners were admitted in evidence. The court held that this was error.

Again, in *Van Keuren* v. *Parmelee* (2 N. Y., 528), Judge BRONSON says that an admission " can only affect the party who makes it, unless he has authority to speak for others as well as himself. A joint debtor has no such authority." A partner has no authority to speak for his co-partners in anything but partnership matters. It is reasoning in a circle to say that a partner, by his admission, can turn his private business into partnership business, and then can bind his partner by his admission because the matter is partnership business.

Of course, where two partners are sued the admissions of one are, at least, evidence against him and cannot be excluded. The present question, therefore, can arise only where the claim is against a survivor, or in some similar case.

I think the judgment and order should be reversed.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed.